Harry T. HOLGERSON, Jr. and Mary Holgerson, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 79–7038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1980.

Decided Jan. 30, 1981.

As Amended on Denial of Rehearing May 21, 1981.

Julian N. Stern, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for appellants; Robert C. Alexander, San Francisco, Cal., on brief.

* Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

Karl P. Fryzel, Atty., Dept. of Justice, Washington, D.C., for appellee; M. Carr Ferguson, Washington, D.C., on brief.

Before DUNIWAY and KENNEDY, Circuit Judges, and CURTIS,* District Judge.

CURTIS, District Judge:

This is an appeal from a decision of the Tax Court upholding the Commissioner's disallowance of the taxpayers' deduction of "prepaid interest" during the taxable years 1967, 1968, and 1969.

In 1967 and 1968, Mr. Holgerson invested in several pieces of real estate with the intention of acquiring some good income producing property for his retirement years. In each of these transactions, substantial amounts of money were paid as "prepaid interest." In joint returns filed during these years, the Holgersons sought to take deductions for the "prepaid interest" payments in accordance with I.T. 3740, 1945 C.B. 109, which they believed applicable. The Commissioner refused to permit the deductions, and required that such interest paid in advance be prorated, which resulted in tax deficiencies of $217,100.93 for 1967, $318,760.70 for 1968, $96,046.17 for 1969.

The Commissioner's disallowance was upheld by the Tax Court, and the taxpayers now appeal. *See Roemer, et al.,* 69 T.C. 440 (1978).

The Holgersons have attacked the decision of the tax court upon numerous grounds, each of which has been carefully analyzed and ruled upon by the tax court in a twenty-seven page Opinion. We think that Opinion clearly and correctly answers all of appellants' contentions and we can do no better than to adopt it as our own. We affirm.